# SUPREME COURT.

## MARYETTE HAMMOND agt. WILLIAM SLOCUM.

*Action for money — receipt — fraud — costs.*

In an action for the recovery of money, a receipt in full of all demands, except two items of fifty dollars each, precludes the plaintiff from recovering any other items, without impeaching the receipt for fraud or mistake.

In such action, although the plaintiff recovers over fifty dollars damages, yet he is not entitled to recover costs as a matter of course under section 304.

Although it is an "action for money," the complaint also avers that the receipt was given by fraud or mistake, and therefore, under the former practice, it would be an action in equity.

In all such actions costs are in the discretion of the court.

The same judge who decides the question of costs in a case has power, after the entry of judgment, to change the decision and decide the other way without an appeal.

THIS action was tried the first time at the Saratoga circuit, in May, 1870, before justice JAMES, with a jury.

The complaint was: First. For property sold and delivered to the defendant and money paid to him, claiming a balance of $400. Second. That afterward, and before action was commenced, the parties had an accounting, and the plaintiff then supposed the defendant yet held a certain note of $211, made by the plaintiff, and upon the faith thereof allowed the amount of the same to the defendant, and gave to the defendant a receipt purporting to settle said matters, except two items of fifty dollars each, but the complaint averred that said note had been transferred before said receipt, and was then owned by one Clark, and "that said receipt was given under a mistake

of facts, and the same was procured by the fraud of said defendant."

The prayer of the complaint was as follows: "Wherefore this plaintiff will ask, by way of relief, that said settlement be opened, and the said plaintiff recover against the said defendant $400, besides interest and costs."

There was a general denial of any debt, and the answer set up the receipt hereinafter stated.

The plaintiff moved the trial at the circuit before a jury, but the defendant claimed it was an equity case, and could not be tried, under section 253 of the Code, until the jury calendar was disposed of, and the court so held. Rather than let it pass and go over the term, the plaintiff consented to waive the second count or cause in equity. Thereupon the case was tried with a jury.

On the trial the plaintiff proved payments of over $200 to the defendant to apply on the said $211 note, supposing he then owned it, and also proved other payments and the sale of property to the defendant, and payments by Young for the plaintiff, to the amount of $600, making $800, including the two fifty dollar payments referred to in receipt. The plaintiff also proved that the defendant had no claims against her, except a chattel mortgage and another note of $188, both amounting to $400; and, also, the plaintiff proved that after such payment one Clark had sued her and recovered on said $211 note, upon the testimony of the defendant that he had transferred that note before any payments were made to him by or for the plaintiff.

The defendant then gave in evidence a receipt, of which the following is a copy, viz.:

"Rec'd of William Slocum eighteen thirty-six one-hundredths dollars, in full of all demands, except that I claim that I paid to said Slocum fifty dollars, and Wm. K. Young paid him a like amount, upon a note of Mr. Henry, owned by myself and wife, which Mr. Slocum has no recollection of, and this is left open, to be considered in the future, and if any such

has been made and not accounted for, then the said Slocum is to pay the same.    October 29th, 1864.

{ Ten cent Revenue Stamp, canceled. }   "JOHN E. HAMMOND.        [L. S.]
        "MARYETTE HAMMOND." [L. S.]

The defendant also proved by the defendant that he paid the eighteen dollars and thirty-six cents mentioned in the receipt to the plaintiff, and he supposed he had other claims against the plaintiff besides the $400, but he could not specify any.

The plaintiff offered to show that when he signed the receipt that he had not his glasses, and it was not read to him as it was signed.    The court excluded the offer as immaterial, holding that as there was no question but that the defendant had received the $800, and enough to pay the $211 note, the plaintiff could recover that amount, and the two fifty dollar items excepted in the receipt, making $311, with interest, unless the defendant desired to go to the jury upon the facts. The defendant's counsel claimed that the receipt or release extinguished all of the other causes of action, including the $211 paid, upon the supposition that the defendant was the owner of that note.

The court held otherwise, and directed a verdict for the plaintiff for $311 and interest.

The defendant appealed, and the general term, at Plattsburgh, July, 1870, reversed the judgment, and granted a new trial, with costs to abide the event, holding that the receipt could not be contradicted, and was conclusive against the plaintiff, unless it was obtained by fraud or mistake.

The cause was noticed for trial a second time by the defendant, to be heard at the chambers of justice Bockes, at Saratoga Springs, August 16, 1870.    The plaintiff appeared and objected to the power of the judge to hear a trial at chambers, and also claimed that it was a case where the plaintiff had a right to a trial by jury.    The court overruled the objections, but postponed the trial to a future day, to be held at chambers, before justice Joseph Potter.

At the time and place last appointed the parties appeared, and the plaintiff's counsel again objected to a trial at chambers, and also demanded a jury trial, but the objections were overruled, and the trial proceeded under protest by the plaintiff.

On the second trial the same facts were proved as on the first trial, and the plaintiff gave further evidence tending to show that she and her agent were induced to sign said receipt by the fraud of the defendant, and the defendant gave evidence tending to prove the contrary.

·On the summing up (August 1873), the defendant's counsel claimed that this was not an action for the recovery of money, and therefore costs were in the discretion of the court, and that if the plaintiff recovered less than she claimed, the court ought not to allow her costs.

The plaintiff's counsel claimed that the plaintiff should be entitled to .costs even if they were in the discretion of the court, because the defendant had made no written offer to allow judgment for the two fifty dollar items.

Afterward, and on the 26th of November, 1873, the court directed " judgment for the plaintiff for $171.74, *and costs,*" being for said two fifty dollar items. A copy of the decision was served on the defendant's attorney December second, and on the 8th day of December, 1873, judgment was entered upon notice, against the defendant, for said $171.74, and for $365.04 costs.

And on the ninth day of December, notice of the judgment was personally served on the defendant's attorney. On the fifteenth day of December the defendant's attorney gave notice of a motion, to be heard before the same judge, asking him to change his decision, by striking out and disallowing the costs. That motion was opposed by the plaintiff, but was granted about March 4, 1874, and an order made striking out of the former decision the words " with costs," and striking the costs, as entered, out of the judgment.

Hammond agt. Slocum.

From this order the defendant appealed to the general term, where it was argued in June, 1874, at Albany.

*E. F. Bullard*, for plaintiff.

I. This is an action " for the recovery of money," and the plaintiff has recovered over fifty dollars damages.

The Code (*sec.* 304, *sub.* 4), gives costs as a matter of right. They are not in the discretion of the court.

Since Code (*sec.* 385) allows an offer, there is but little occasion to leave the matter to the discretion of the court. Action to enforce a mechanic's lien is an action for the recovery of money, and costs follow, of course (*Wait's Code, p.* 603, *f, citing Trust* agt. *Pierson*, 3 *Abb.*, 84). Action against insolvent partner and representative survivor in equity, costs, of course (*Yorks* agt. *Peck*, 9 *How.*, 201; *Wait*, 602, *f.*). Costs are an absolute right (64 *Barb.*, 417, HARDIN, *J.;* 53 *Barb.*, 428, HOGEBOOM, *J.;* 49 *N. Y.*, 660).

Many suits in equity come under this section. Some suits, which would be formerly equitable, like an action for specific performance, would not fall under this section, but would under section 306, and in those cases costs would rest in discretion.

The distinction between actions at law and suits in equity is abolished (*Code, sec.* 69).

The former distinction cannot, therefore, *govern* the costs.

Costs are governed entirely by a new *definition* given by section 304 of the Code.

The action was tried, and all of the evidence given under the original complaint.

To give a jury trial, under section 253, it must be " an action for the recovery of money *only.*" Section 304, subdivision 4, omits the word " only." It is clear this was an action for " money," even if not for " money only." These distinctions do not appear to have been taken in the reported cases.

II. Even if the costs were in the discretion of the court,

that discretion having been exercised, and costs awarded to the plaintiff, the same judge had no further power over the case.

Neither had the special term any power to correct by motion (*Lillie* agt. *Sherman*, 39 *How.*, 287).

If the court had power to correct a mistake on motion, it would require clear affirmative proof to show a mistake.

Mistakes, merely of a clerical character, should be corrected.

Then it should be done upon the face of the papers, or upon the affidavit showing the mistake.

In this case it is merely a motion to the same judge to change his opinion. There is no affidavit by any person, showing or pretending any mistake.

It would be grossly indecent to place a judge in such a position.

If the judge made a mistake in deciding in favor of the plaintiff, it was a *judicial*, and not a clerical mistake.

Such errors are only corrected by appeal, or by granting a new trial.

If the judge could legally grant this motion, he could also have changed the judgment as to damages, and found for the defendants, with costs.

The order should be reversed.

*A. Pond*, for respondent.

The order was affirmed June, 1874, by LEARNED, BOARD-MAN and BOCKES, justices.